# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES EARL GRANDERSON, | 3:17-cv-00655-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 36 |
| DANIEL WHEELER, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's "Motion to Compell Discovery" (ECF No. 36) and this court's initial order regarding Plaintiff's motion (ECF No. 38). As reflected in this court's minute order of this date (ECF No. 39), the court's order of May 21, 2018 (ECF No. 38) has been withdrawn.

The court's order denying Plaintiff's motion to compel was predicated in part on the conclusion the motion has been filed after the expiration of the deadline to pursue discovery motions. The court relied upon this court's amended scheduling order of December 18, 2017 (ECF No. 32) which set that deadline for April 9, 2018. The court inadvertently overlooked the court's ruling on Plaintiff's motion (ECF No. 31) which had sought extensions of the December 18, 2017 deadlines due to his being in lock down status at FCI Coleman, Florida. When granting Plaintiff's motion, the court re-set the deadline for completion of discovery for May 17, 2018, and the deadline for discovery motions for May 25, 2018. (ECF No. 33.)

Thus, Plaintiff's "Motion to Compell Discovery," which was mailed on May 13, 2018, was timely filed and should not have been denied on that basis. The component of this court's order of May 21, 2018 (ECF No. 38) is withdrawn.

However, the rationale expressed in the remainder of the order regarding the failure of Plaintiff to comply with the "meet and confer" requirements of Fed. R. Civ. P. 37(a)(1) and LR 26-7(c) correctly identified a major deficiency in Plaintiff's discovery motion. First, any discovery motion filed with the court "must set forth in full the text of the discovery originally sought and any response to it." LR 26-7(b). Second, the court will not entertain discovery motions unless the movant also includes a declaration about his "meet and confer" obligations which sets forth ". . . the details and results of the meet and confer conference about *each* disputed discovery request." LR 26-7(c); (emphasis added).

As was noted in this court's order (ECF No. 38), these procedures and preconditions to any discovery motion were previously explained in detail to Plaintiff in this court's earlier order of January 18, 2018, as follows:

> Before the court is Plaintiff's Motion for Production of Documents (ECF No. 26). Plaintiff requests Defendants' counsel "to produce all documents and evidence, in order to properly prepare for trial and on going (sic) litigantian (sic)." (*Id.*)
>
> Plaintiff is advised that the proper procedure is to serve a Request for Production under Fed. R. Civ. P. 34. The Request should be tailored to the specific documents of which Plaintiff seeks production. The court cannot discern whether Plaintiff has done so. In his letter to Deputy District Attorney Kaplan (ECF No. 26 at 6), it appears Plaintiff references his possibly having served a Request for Production. If he has done so and is dissatisfied with the Defendant's response, he should - after attempting to resolve the discovery dispute with Defendant's counsel - file a motion to compel. However, pursuant to LR 26-7, a motion to compel should be accompanied with the text of the disputed request and response.

(ECF No. 30.)

To hopefully avoid any further misunderstandings by Plaintiff as to the requirement of the Local Rules regarding resolution of a discovery dispute and any discovery motions, the court sets forth in this order the relevant text of two Local Rules:

**LR 26-7. DISCOVERY MOTIONS**

(a) Unless the court orders otherwise, all discovery disputes are referred to the magistrate judge assigned to the case.

(b) All motions to compel discovery or for a protective order must set forth in full the text of the discovery originally sought and any response to it.

///

> (c) Discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

\* \* \*

The "meet and confer" requirements discussed in LR 26-7 are defined in LR IA 1-3(f)(1)-(4), as follows:

> (f) Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.
>
> (1) The requirement to meet and confer face-to-face or via telephonic or video conference does not apply in the case of an incarcerated individual appearing pro se, in which case the meet-and-confer requirement may be satisfied through written communication.[1]
>
> (2) A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.
>
> (3) In addition to any sanction available under the Federal Rules of Civil Procedure, statutes, or case law, the court may impose appropriate sanctions under LR IA 11-8 for a party's failure to comply with the meet-and- confer requirement.
>
> (4) Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion.

Plaintiff's "Motion to Compell Discovery" (ECF No. 36) is **DENIED**, without prejudice, by reason of Plaintiff's failure to comply with Fed. R. Civ. P. 37(a) and Local Rules IA 1-3 and 26-7.

///

---

[1] Because Plaintiff is an incarcerated individual, he may satisfy his meet and confer obligation "through written communications," such as letter exchange with counsel where Plaintiff identifies his objections to counsel's responses to his discovery and counsel's reply to Plaintiff regarding the disputed discovery. Plaintiff is still obligated under LR 26-7(c) to submit "a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."

**IT IS SO ORDERED.**

DATED: May 22, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE